O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRAHAM,<br><br>    Plaintiff,<br>v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 10-6084-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue that Plaintiff raises as the ground for reversal and/or remand is as follows: whether Plaintiff was denied due process by the failure of the Administrative Law Judge ("ALJ") to allow cross-examination of the consultative examiner. (JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A. The ALJ's Findings.**

The ALJ found that Plaintiff had the severe impairments of dysthymic disorder and antisocial personality disorder. (Administrative Record ("AR") at

19.) She found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations: no work involving more than simple repetitive tasks and more than limited contact with the general public. (Id. at 20.) The ALJ concluded that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy.[3] (Id. at 25.)

**B.      The ALJ's Failure to Allow Cross-Examination of the Consultative Examiner.**

Plaintiff contends that the ALJ denied him due process by failing to allow cross-examination of the consultative examiner. Specifically, Plaintiff contends that the ALJ improperly denied his motion for a supplemental hearing to cross-examine Dr. Scott Kopoian, Ph.D., and to take testimony from a medical expert. (JS at 3-6.)

On May 1, 2008, following an administrative hearing before the ALJ held on February 20, 2008, the ALJ notified Plaintiff that she proposed to include in the record Dr. Kopoian's psychological evaluation of Plaintiff, which she obtained after the administrative hearing. (AR at 271.) In response, Plaintiff asserted that Dr. Kopoian had not reviewed the records from the Los Angeles County School District and the California Department of Corrections, which Plaintiff procured and submitted on April 1, 2008, and April 22, 2008, respectively. Plaintiff requested a supplemental hearing to cross-examine Dr. Kopoian as to his opinion in light of the additional records and to obtain testimony of a medical expert. (Id. at 272-73.) On June 23, 2008, the ALJ issued an unfavorable decision finding

---

[3] The ALJ noted that a vocational expert testified at the administrative hearing that Plaintiff would be able to perform the requirements of representative occupations such as laundry worker, food preparer, burr grinder, and thread pulling attendant. (AR at 25.)

3

Plaintiff not disabled and denying his claims for Child Disability Benefits and Supplemental Security Income.[4] (Id. at 270.)

Plaintiff timely filed a Request for Review with the Appeals Council. (AR at 274-77.) On November 21, 2008, the Appeals Council remanded the matter for further proceedings.[5] (Id. at 279-81.) On February 18, 2009, the ALJ held a supplemental hearing. At the hearing, Plaintiff requested a new supplemental hearing on the ground that neither Dr. Kopoian nor a medical expert was present. (Id. at 494.) The following colloquy then occurred between the ALJ and Plaintiff's counsel:

> ALJ: Motion denied. Please proceed.
> Counsel: Okay.
> ALJ: You requested a supplemental hearing, but it is in my discretion as to determine experts. You're certainly able to present any evidence you would like to present from [Plaintiff's] treating physicians or whatnot, but as you know, I have no control over consultative evaluations. That's handled by DDS.
> Counsel: Right. Well, you do have some control. You can tell them to send all records.
> ALJ: Sir, we do submit all records, but it's not under our control as

---

[4] Plaintiff alleged disability since January 10, 1984. (JS at 2.)

[5] In remanding for further proceedings, the Appeals Council noted the failure of the ALJ to grant Plaintiff's request for a hearing, stating: "The record does not show that the [ALJ] complied with any of [Plaintiff's] requests. HALLEX I-2-7-30 I provides that if the claimant requests a supplemental hearing, the [ALJ] **must** (emphasis added) grant the request, unless the [ALJ] receives additional documentary evidence that supports a fully favorable decision." (AR at 279.)

4

|   |   |   |
|---|---|---|
| 1 |  | to which ones DDS submits or whether or not the consultative |
| 2 |  | evaluator reviews any of the records provided - - |
| 3 | Counsel: | Well, that's why he should be present so I could ask him about |
| 4 |  | him then [sic]. That's what - - |
| 5 | ALJ: | We don't have the ability to subpoena doctors, as you well |
| 6 |  | know. We can't enforce any of that. He's a contractor. He's |
| 7 |  | not affiliated with us. |
| 8 | Counsel: | I strongly disagree with that. I mean, there have been CEs who |
| 9 |  | have testified at hearings that I've been at where - - |
| 10 | ALJ: | Okay. Can you provide me with some substantiation we have |
| 11 |  | the ability to compel a person's attendance? |
| 12 | Counsel: | You ask the CE to attend. |
| 13 | ALJ: | Okay. We're not going, I'm not going to do that based - - |
| 14 | Counsel: | Okay. |
| 15 | ALJ: | - - on this current record. You have the ability to provide |
| 16 |  | whatever evidence you want to provide but not - - |
| 17 | Counsel: | Okay. |
| 18 | ALJ: | - - to direct how I - - |
| 19 | Counsel: | Okay. |
| 20 | ALJ: | - - handle the hearing or what experts I ask to attend. |
| 21 | Counsel: | So you are conceding that you are denying my client due |
| 22 |  | process? |
| 23 | ALJ: | No, I'm conceding that I'm denying your motion. |
| 24 | Counsel: | Denying due process. |
| 25 | ALJ: | Because I don't believe you have a rational basis to compel that |
| 26 |  | specific information to be made available. |
| 27 | Counsel: | You have relied - - |
| 28 |  |  |

| | | |
|---|---|---|
| 1 | ALJ: | Sir, please don't continue to argue.  You have your |
| 2 | | supplemental hearing. |
| 3 | Counsel: | Okay. |

(Id. at 494-95)

On March 29, 2009, the ALJ again issued an unfavorable decision, finding Plaintiff not disabled and denying his claim for Child Disability Benefits and Supplemental Security Income.  (Id. at 25-26.)

"A claimant in a disability hearing is not entitled to unlimited cross-examination, but rather 'such cross-examination as may be required for a full and true disclosure of the facts.'"  Solis v. Schweiker, 719 F.2d 301, 302 (9th Cir. 1983) (quoting 5 U.S.C. § 556(d)).  The ALJ has discretion to decide when cross-examination is warranted.  Copeland v. Bowen, 861 F.2d 536, 539 (9th Cir. 1988).  An ALJ abuses her discretion when she denies a claimant's request to cross-examine a medical source where that source's report is "crucial" to the ALJ's decision.  Solis, 719 F.2d at 302.

In Solis, the ALJ sought the opinion of a sixth medical expert when the opinions of the first five medical experts conflicted over the probable duration of the claimant's disability.  Id.  The sixth medical expert, paid for by the Social Security Administration, concluded that the claimant had sufficient functional capacity to work, and the ALJ subsequently found the claimant ineligible for benefits.  Id.  The ALJ denied the claimant's request to cross-examine the medical expert, allowing only the submission of interrogatories.  Id.  The Ninth Circuit found the denial of a request to cross-examine an expert whose opinion was crucial to the ALJ's decision was an abuse of discretion.  Id.

Here, Plaintiff has not demonstrated that cross-examination of Dr. Kopoian was "required for a full and true disclosure of the facts."  Id.  Dr. Kopoian's report did not contradict the substantial medical evidence that was in the record prior to

the introduction of his report. See id. Dr. Kopoian noted that Plaintiff "approached the assessment in an emotionally detached manner, showing little emotion during the assessment . . . [d]uring the testing portion of the evaluation he demonstrated a consistently sub-optimal effort . . . suggesting that he was uninterested in providing a minimally capable effort . . . the test results need to be interpreted extremely cautiously[.]" (AR at 431.) Dr. Kopoian diagnosed Plaintiff with dysthymic disorder, psychotic disorder not otherwise specified, and antisocial personality disorder. (Id. at 436.) Under the heading "Functional Assessment," Dr. Kopoian stated: "[g]iven the probability that the claimant's overall level of cognitive ability is higher than results of this assessment because of his consistently sub-optimal effort he is able to understand, remember and complete, simple, 2-3 sequence tasks for 6-8 hours at an adequate pace without continuous supervision." (Id.) Dr. Kopoian rated Plaintiff's Global Assessment of Functioning ("GAF") at 55. (Id.)

     The record reflects that Dr. Barry Edelman, M.D., and Dr. Ernest Bagner, M.D., examined Plaintiff in 2002 and 2006, respectively. Dr. Edelman diagnosed Plaintiff with "depressive disorder, not otherwise specified" and adult antisocial behavior, and rated Plaintiff's level of functioning at GAF 60. With respect to Plaintiff's functional ability, Dr. Edelman stated: "[t]he claimant would be able to understand, remember, and follow simple instructions . . . The claimant would be able to maintain concentration on simple work . . . The claimant would have moderate difficulty interacting with the public based on the claimant's relatedness during the interview[.]" (Id. at 191-92.) Dr. Bagner diagnosed Plaintiff with "mood disorder, not otherwise specified" and rated Plaintiff's level of functioning at GAF 73. (Id. at 224.) With respect to Plaintiff's functional ability, Dr. Bagner stated, "[t]he patient would have zero to mild limitations maintaining concentration and completing simple tasks. He would have mild limitations

7

interacting with supervisors, peers, and the public[.]" (Id. at 225.)

In summarizing the findings of the consultative examiners, including Dr. Kopoian, the ALJ stated: "[t]here is more or less general consensus among the consulting examiners that the claimant could perform simple repetitive tasks with limited public contact. There is nothing from any of the claimant's treating sources which contradicts this." (Id. at 24.) As the ALJ noted, Plaintiff's records from his schools, the California Department of Corrections, and the Los Angeles County Department of Mental Health did not conflict with the findings of the consultative examiners, including Dr. Kopoian. For example, a "Mental Health Treatment Plan" from the Department of Corrections dated September 24, 2001, rated Plaintiff's level of functioning at GAF 70. (Id. at 423.) These records also showed that Plaintiff's mental symptoms improved with medication. (Id. at 401-03, 406-10, 413-17.) The school records showed that Plaintiff received poor grades (id. at 307-19), but this is not conclusive evidence of a disabling mental impairment in children. 20 C.F.R. § 404, Subpt. P, App'x 1, § 112.00.

Moreover, the Court concurs with Defendant that the ALJ did not rely solely on Dr. Kopoian's report to determine that Plaintiff was not disabled. As noted above, in determining Plaintiff's RFC and finding him not disabled, the ALJ discussed the "consensus" among the consultative examiners, including Dr. Kopoian, that Plaintiff could perform "simple repetitive tasks with limited public contact." (Id. at 24.) Consequently, Dr. Kopoian's report was not "crucial" to the ALJ's disability determination.[6] Solis, 719 F.2d at 302. The Court finds the

---

[6] To the extent Plaintiff argues that the ALJ denied him due process because she denied his request for a supplemental hearing on the ground that she could not compel Dr. Kopoian to attend the hearing (JS at 5), his argument is without merit. Although the ALJ incorrectly believed that she did not have the authority to subpoena Dr. Kopoian, she also stated that she would not compel Dr. Kopoian to attend the hearing "based on this current record." (AR at 495.) The

8

record was sufficiently developed, and the ALJ was under no duty to further develop the record. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Based on the foregoing, the Court finds that the ALJ did not abuse her discretion in denying Plaintiff the opportunity to cross-examine the consultative examiner. Thus, there was no error.

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: April 29, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

ALJ's reliance on this basis (i.e., the ALJ did not believe that the record needed to be supplemented with respect to Dr. Kopoian's report) to refuse to subpoena Dr. Kopoian and to deny cross-examination was not an abuse of discretion. See Solis, 719 F.2d at 302. Moreover, as Plaintiff concedes, it was within the ALJ's discretion to determine whether the presence of Dr. Kopoian at the supplemental hearing was necessary. See 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii) (an ALJ "may . . . ask for and consider opinions from medical experts on the nature and severity of [a claimant's] impairment(s)"); see, e.g., Kruchek v. Barnhart, 125 F. App'x 825, 827 (9th Cir. 2005) (noting that the word "may" in 20 C.F.R. § 1527(f)(2)(iii) "indicates that use of [a medical expert] for . . . [a disability] determination is permissive, not mandatory").

9